NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4002
_____

BRENDA ANN SCHWARTZ;
PAUL GRANT SCHWARTZ,

Appellants

v.

ACCURATUS CORPORATION,
In Its Own Right And As Successor In Interest to
Accuratus Ceramic Corporation;
MATERION BRUSH INC.,
C/O CT Corporation System
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 12-cv-6189)
District Judge: Hon. Jeffrey L. Schmehl
_____

Argued
April 22, 2015

Before: CHAGARES, JORDAN, and BARRY, *Circuit Judges*.

(Filed July 22, 2016)

Ruben Honik, Esq. (Argued)
Golomb & Honik
1515 Market Street
Suite 1100
Philadelphia, PA 19107

*Attorney for Appellants*

A. Wesley Bridges, Esq.
Joseph G. Harraka, Jr., Esq. (Argued)
Becker Meisel
220 Lake Drive East
Woodland Falls Corporate Center, Suite 102
Cherry Hill, NJ 08002

*Attorneys for Appellee*

_____

OPINION[*]

_____

JORDAN, *Circuit Judge*.

On June 22, 2015, a panel of this Court submitted a Petition for Certification of Question of State Law to the New Jersey Supreme Court, asking that Court to accept for certification the following question of law: "Does the premises liability rule set forth in *Olivo v. Owens-Illinois, Inc.*, 895 A.2d 1143 (N.J. 2006), extend beyond providing a duty of care to the spouse of a person exposed to toxic substances on the landowner's premises, and, if so, what are the limits on that liability rule and the associated scope of duty?" On July 30, 2015, the New Jersey Supreme Court graciously agreed to consider the certified question, and, on July 6, 2016, rendered its unanimous decision. *See Schwartz v. Accuratus Corp.*, 2016 WL 3606026, -- A.3d -- (N.J. July 6, 2016).

The opinion of the New Jersey Supreme Court observed, among other things, that "*Olivo* does not suggest that the duty recognized must remain static for all future cases …

_____

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

and that take-home toxic-tort liability must remain limited to a *spouse* handling take-home toxins." (Slip Op. at 14 (original emphasis).) The Court further recognized that "*Olivo* does not state, explicitly or implicitly, that a duty of care for take-home toxic-tort liability *cannot* extend beyond a spouse. Nor does it base liability on some definition of 'household' member, or even on the basis of biological or familial relationships." (*Id*. at 15 (original emphasis).) The Court emphasized that "a duty was found to exist in *Olivo* based on the foreseeability of regular and close contact with the contaminated material (the dangerous condition) over an extended period of time," and not based only upon one's role as a spouse or family member. (*Id*. at 11.) In that Court's view, the scope of any duty of care in take-home toxic-tort liability cases instead turns on "a refined analysis for particularized risk, foreseeability, and fairness," staying cognizant of the "paramount importance of foreseeability." (*Id*. at 16.)

Because "[t]ort law is built on case-by-case development based on the facts presented by individual cases," (*id*. at 13), and "because of the idiosyncratic nature of most … interactions with a take-home toxin," (*id*. at 15), the Court held that it could not "define the contours of the duty owed to others in a take-home toxic-tort action through a certified question of law," (*id*. at 16). Instead, it set forth "[c]ertain factors [that] will be important as such cases present themselves." (*Id*. at 17.) Those include (1) "the relationship of the parties," including "an assessment not only of the relationship between a defendant's employee and the person who is exposed to the take-home toxin, but also the relationship between the defendant itself and the injured person"; (2) "the opportunity for exposure to the dangerous substance and the nature of the exposure that causes the

3

risk of injury"; and (3) "the employer's knowledge of the dangerousness of exposure, assessed at the time when the exposure to the individual occurred and not later, when greater information may become available." (*Id*.) The Court also noted that, "[i]n a non-strict-liability negligence action, the dangerousness of the toxin, how it causes injury, and the reasonable precautions to protect against a particular toxin are relevant in identifying a foreseeable duty by a landowner for off-premises exposure of dangerous toxins." (*Id*. at 17-18.)

The New Jersey Supreme Court determined that it could not "create an abstract bright-line rule ... as to 'who's in and who's out' on a negligence-based take-home toxic-tort cause of action based on *Olivo* or any previous decision[,]" and thus it held that its response to our question would "have to be limited to clarifying that the duty of care recognized in *Olivo* may extend, in appropriate circumstances, to a plaintiff who is not a spouse." (*Id*. at 18.) It further instructed that the assessment of whether the duty should extend in any particular case "should take into account a weighing of the factors" it had identified, "to determine whether the foreseeability, fairness, and predictability concerns" that were earlier described in *Hopkins v. Fox & Lazo Realtors*, 625 A.2d 1110 (N.J. 1993), "should lead to the conclusion that a duty of care should be recognized under common law." (Slip Op. at 18.)

Given that helpful direction, we will vacate in part the decision of the District Court (as to the issue appealed) and will remand this matter to the District Court for further proceedings consistent with this opinion and the opinion of the New Jersey Supreme Court in response to our Petition for Certification.

4